110 F.3d 64
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Raymond JACKSON, Plaintiff-Appellant,
v.
KANTOLA, C/O; Ruo Isaacson; James Ruotsala, Defendants-Appellees.
 No. 96-1317.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1997.
 
 Before: BROWN, BOGGS, and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Raymond Jackson, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Jackson sued three state prison officials (Kantola, Isaacson and Ruotsala) in their individual and official capacities. Relying on the First, Eighth and Fourteenth Amendments, Jackson asserted that: 1) the defendants used excessive force against him; 2) he is incarcerated in violation of the Interstate Agreement on Detainers Act and Uniform Criminal Extradition Act; 3) he has been consistently and improperly reclassified to administrative segregation; 4) he has been subjected to assaults by the staff; 5) he has been exposed to chemical agents; 6) he has been served food tainted with urine, feces and saliva; 7) he has been singled out for mental harassment to enhance dysfunctional behavior; 8) he has been denied access to the courts; 9) the defendants retaliated against him for filing grievances by imposing a shower restriction, confiscating certain personal property, denying him access to the exercise yard, and denying him appropriate clothing for the exercise yard; and 10) he was not able to present witnesses at a misconduct hearing.
 
 
 3
 The magistrate judge recommended denying the defendants' motion for summary judgment as to the first claim and granting the motion as to the remaining claims. Both Jackson and the defendants filed timely objections. Upon de novo review, the district court granted summary judgment to the defendants on all claims. Jackson subsequently filed an unsuccessful motion to alter or amend the judgment.
 
 
 4
 In his timely appeal, Jackson reasserts his first claim, his ninth claim as it pertains to the denial of exercise and exercise clothing, and his tenth claim.
 
 
 5
 Initially, we note that while Jackson appeals the denial of his motion to alter or amend the judgment, this appeal is properly construed as brought from the underlying judgment. See Peabody Coal Co. v. Local Union Nos. 1734, 1508 and 1548, UMW, 484 F.2d 78, 81 (6th Cir.1973), cert. denied after subsequent appeal, 430 U.S. 940 (1977).
 
 
 6
 We also note that although the district court did not address all allegations in Jackson's ninth claim, the omission does not warrant vacating the district court's judgment and remanding for further consideration because relief was implicitly denied. See Ford Motor Co. v. Transport Indem. Co., 795 F.2d 538, 543 (6th Cir.1986). Furthermore, Jackson has not repeated the overlooked allegations, nor raised claims two through eight in his brief on appeal. Issues raised in the district court, but not on appeal, are considered abandoned and are not reviewable on appeal. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992). Thus, we will only address Jackson's first claim, the allegations in his ninth claim concerning the denial of exercise and exercise clothing, and his tenth claim.
 
 
 7
 Upon review, we conclude that the district court's grant of summary judgment should be affirmed in part and vacated in part. Fed.R.Civ.P. 56(c); accord Harrow Prods., Inc. v. Liberty Mut. Ins. Co., 64 F.3d 1015, 1019 (6th Cir.1995). The district court improperly granted summary judgment to the defendants on the first claim (excessive force) as there are genuine issues of material fact. Jackson and Kantola present markedly different accounts of an altercation that occurred when Kantola came to escort Jackson to the prison barbershop. The parties also disagree as to whether Kantola reentered Jackson's cell and attacked him following the initial altercation. Additionally, the defendants neither admit nor deny whether Jackson ever pleaded for help. Furthermore, there are differences as to the extent of Jackson's injuries.
 
 
 8
 Although the district court acknowledged that the parties presented different accounts of the altercation, the district court then erred by determining that Jackson's version of events was not plausible, particularly in light of Jackson's lack of serious injuries. In Adams v. Metiva, 31 F.3d 375, 379 (6th Cir.1994), a panel of this court stated that a "judge may not make credibility determinations or weigh the evidence." Thus, when a plaintiff presents direct evidence to support his case, his version must be accepted as true and the district court errs by granting summary judgment for the defendant where issues of credibility are determinative of the case. Id. More specifically, summary judgment is not proper where a prisoner's affidavit supports an Eighth Amendment claim and explicitly contradicts the defendant's version of the facts. Moore v. Holbrook, 2 F.3d 697, 701 (6th Cir.1993). In this case, Jackson presented direct evidence in the form of affidavits from himself and other prisoners, and thus, summary judgment was improper. Jackson's account, if proven true, would establish an Eighth Amendment violation for excessive force applied maliciously and sadistically to cause harm. See Hudson v. McMillian, 503 U.S. 1, 7 (1992).
 
 
 9
 The district court properly granted summary judgment as to the remaining claims on appeal. Jackson's constitutional rights were not violated by the alleged denial of access to the exercise yard or by the alleged lack of exercise clothing as neither deprivation is "the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Sandin v. Conner, 115 S.Ct. 2293, 2301 (1995).
 
 
 10
 Likewise, Jackson's constitutional rights were not violated by any alleged violation of state policy concerning witnesses at his misconduct hearing following the altercation. "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." Levine v. Torvik, 986 F.2d 1506, 1515 (6th Cir.), cert. denied, 509 U.S. 907 (1993). Additionally, Jackson's allegations are too vague and conclusory to withstand a motion for summary judgment. See Cincinnati Bell Tel. Co. v. Allnet Comm. Servs., Inc., 17 F.3d 921, 923 (6th Cir.1994).
 
 
 11
 Accordingly, the district court's judgment is affirmed in part, vacated in part, and remanded to the district court for further proceedings in accordance with this order. Rule 9(b)(3), Rules of the Sixth Circuit.